**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARGUERITE LATETE KILPATRICK,
      Petitioner,

    vs.

THE HONORABLE TYSON A. CRIST,
UNITED STATES BANKRUPTCY JUDGE,
      Respondent.

Case No. 3:26-cv-80
Rose, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Petitioner, a resident of Englewood, Ohio, brings this pro se action against United States

Bankruptcy Judge Tyson A. Crist seeking a writ of mandamus.  By separate Order, petitioner has

been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is

before the Court for a *sua sponte* review to determine whether the petition, or any portion of it,

should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton

v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in

forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see

also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke,* 490

U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action

has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

2

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Petitioner's pro se petition seeks the recusal of respondent from sanctions proceedings under Bankruptcy Rule 9011.  Petitioner states:

> Respondent's conduct, as documented in a 28-page Order entered November 24, 2025 (Doc. 89) [in Case No. 3:25-bk-30619], demonstrates such pervasive bias, prejudgment, and hostility toward Petitioner that no adequate remedy exists through ordinary appellate channels. . . .  The bankruptcy case has been dismissed. No appeal lies from the dismissed case because the dismissal order was not timely appealed.  The only remaining matter is the imposition of Rule 9011 sanctions - a proceeding over which Respondent has already prejudged the outcome.  Mandamus is therefore the only available remedy to protect Petitioner's due process rights.

(Doc. 1 at PAGEID 2).  Petitioner also alleges that "[f]iling a motion for recusal with the same judge who has demonstrate bias provides no adequate remedy, as the judge whose recusal is sought rules on the motion."  (Id. at PAGEID 5).

The petition is insufficient to state a claim for mandamus relief and should be dismissed. Pursuant to 28 U.S.C. § 1361:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.  Mandamus relief "is a 'drastic and extraordinary' remedy." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259 (1947)). The writ of mandamus will issue only when the petitioner shows: (1) there is "no other adequate means to attain the relief [it] desires—a condition designed to ensure that the writ will not be

3

used as a substitute for the regular appeals process"; (2) "there is a 'clear and indisputable' right to the relief sought"; and (3) "that issuing the writ is otherwise 'appropriate under the circumstances.'" *In re King's Daughters Health Sys., Inc.*, 31 F.4th 520, 526 (6th Cir. 2022) (quoting *Cheney*, 542 U.S. at 380-81).

Petitioner cannot satisfy the first condition because she could have appealed the bankruptcy court's dismissal of her case, but by her own admission she "did not timely appeal the dismissal order." (Doc. 1 at PAGEID 4). "[M]andamus is not intended to substitute for appeal after a final judgment." *In re Life Invs. Ins. Co. of Am.*, 589 F.3d 319, 323 (6th Cir. 2009). That petitioner did not appeal, and may be prohibited from doing so now, "does not mean that the regular appeals process was inadequate to pursue h[er] desired relief." *In re: Robert James Cornett, Petitioner*, No. 25-1484, 2025 WL 4655485, at *1 (6th Cir. Nov. 21, 2025) (citing *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012) ("Adequacy does not depend on a party's ability to prevail on the merits.")). The instant petition cannot be used as a substitute for a timely appeal.

Moreover, to the extent petitioner seeks a writ of mandamus to preclude respondent from proceeding over Rule 9011 sanctions proceedings, petitioner has not shown she is entitled to relief. If petitioner is ultimately sanctioned, she can appeal any sanctions the bankruptcy court may impose because "bankruptcy court orders imposing sanctions under Rule 9011 are final, appealable orders." *In re Thomas*, No. 20-8002, 2020 WL 6874912, at *1 (B.A.P. 6th Cir. Nov. 23, 2020) (citing *In re Lane*, 604 B.R. 23, 27 (B.A.P. 6th Cir. 2019)). Therefore, plaintiff has an adequate remedy available through a direct appeal, and the petition for a writ of mandamus should be denied.

Accordingly, the petition fails to state a claim for mandamus relief and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The petition for a writ of mandamus be **DISMISSED** with prejudice.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny petitioner leave to appeal *in forma pauperis*.  Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Karen L. Litkovitz, Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARGUERITE LATETE KILPATRICK,          Case No. 3:26-cv-80
      Petitioner,                            Rose, J.
                                            Litkovitz, M.J.

     vs.

THE HONORABLE TYSON A. CRIST,
UNITED STATES BANKRUPTCY JUDGE,
      Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).